NO. 07-10-00281-CR, 07-10-00282-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

AUGUST 10, 2010

JAMICHEAL LAMARR HILL, APPELLANT

v.

THE STATE OF TEXAS, APPELLEE

FROM THE 396TH DISTRICT COURT OF TARRANT COUNTY;

NO. 1128038D, 1165716D; HONORABLE GEORGE W. GALLAGHER, JUDGE

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

**ORDER OF ABATEMENT AND REMAND**

Through two cases on appeal, appellant Jamicheal Hill challenges the judgments of the trial court. On a finding that appellant lacked the means to employ appellate counsel, the trial court appointed William H. "Bill" Ray to represent him on appeal. In both cases, Mr. Ray filed a motion to withdraw from representation supported by an *Anders* brief.[1] Because appellant has not yet had an opportunity to file a *pro se* response to the *Anders* brief, we have taken no action on Mr. Ray's request to

---

[1] *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).

withdraw.[2]  On August 2, 2010, attorney Mark D. Scott filed a short document in this court entitled "notice of attorney." By the document, Mr. Scott states he has been retained to represent appellant in his two appeals.[3]  Although the document contains a certificate reflecting service on the Tarrant County Criminal District Attorney, neither the document nor Mr. Scott's cover letter to our clerk indicates that Mr. Ray was provided a copy.

The trial court is responsible for appointing counsel to represent indigent defendants, Tex. Code Crim. Proc. Ann. art. 1.051(d) (Vernon Supp. 2009), and possesses the authority to relieve or replace appointed counsel on a finding of good cause. Tex. Code Crim. Proc. Ann. art. 26.04(j)(2) (Vernon Supp. 2009). *See Meza v. State,* 206 S.W.3d 684 (Tex.Crim.App. 2006).  Under some circumstances, it is appropriate for the trial court to exercise the authority to appoint or substitute counsel, even after the appellate record has been filed. *Id.* at 688.  Notwithstanding the notice filed by Mr. Scott, Mr. Ray remains appellant's counsel on appeal "until charges are dismissed, the defendant is acquitted, appeals are exhausted, or [Mr. Ray] is relieved of his duties by the court or replaced by other counsel after a finding of good cause is entered on the record."  Tex. Code Crim. Proc. Ann. art. 26.04(j)(2) (Vernon Supp. 2009).

---

[2] *See In re Schulman*, 252 S.W.3d 403, 408-409, 409 n.23 (Tex.Crim.App. 2008) (describing timing and nature of defendant's *pro se* response to *Anders* brief filed by counsel).

[3] According to documents contained in the clerk's record, Gregory Gray was appellant's court-appointed trial counsel.  But the docket sheet identifies Mr. Gray and Mr. Scott as appellant's counsel.  Mr. Scott signed the certification of right of appeal and notice of appeal as appellant's counsel.

In light of Mr. Scott's statement to this court that he has been retained to prosecute appellant's appeals, we now abate the appeals and remand them to the trial court for further proceedings.

On remand, the trial court shall use whatever means it finds necessary to determine the following:

1.      Whether appellant still desires to prosecute his appeals;

2.      Whether Mr. Scott has been retained to represent appellant in the two appeals;

3.      Whether Mr. Ray desires to be relieved of his duties as appellate counsel in light of Mr. Scott's representation, and if so, good cause exists to relieve Mr. Ray of his duties;

4.      If Mr. Scott is to be substituted for Mr. Ray as appellant's counsel, whether appellant's consent to the substitution properly has been obtained; and,

5.      Any additional issues the trial court finds material to ensuring appellant receives effective assistance of counsel.

If the trial court finds that Mr. Scott has been retained to represent appellant, that appellant properly has consented to the substitution of counsel, and that Mr. Ray desires to withdraw, the trial court may allow Mr. Ray to withdraw as counsel. Concerning its resolution of the foregoing issues, the trial court shall execute findings of fact and conclusions of law, and shall cause its findings, conclusions, and any orders the court signs to be included in supplemental clerk's records to be filed with the clerk of this court by September 10, 2010.

It is so ordered.

Per Curiam

Do not publish.